**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NCM OF COLLIER COUNTY, INC.** and
**MICHAEL DEL DUCA,**

      **Plaintiffs,**

-vs-                                           Case No. 2:11-cv-558-FTM-99DNF

**DURKIN GROUP, LLC,**

      **Defendant.**

_____

# ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 15) filed by Defendant and a Response (Doc. 18) filed by Plaintiff. Defendant also filed a Reply (Doc. 26).

**I. Background**

Plaintiff, NCM of Collier County, Inc. ("NCM") is a Florida corporation doing business in Collier County, Florida. Doc. 14 ¶ 2. Michael Del Duca is the president and sole owner of NCM.[1] The Defendant, Durkin Group, LLC ("Durkin"), is a professional services firm headquartered in New Jersey with offices in twenty-two states, including an office in Miami, Florida. (Doc. 14, ¶ 4).

During the years 2007-08, NCM maintained a loan from nonparty Fifth Third Bank ("Bank"). The Bank contracted Durkin to review NCM's books and records and report its findings

---

[1] NCM and Del Duca will be referred to hereinafter collectively as "Plaintiff."

to the Bank, in order to manage the loan.² Durkin performed field examinations on-site at offices of NCM. During this time, NCM's Chief Financial Officer ("CFO") was allegedly embezzling money from the company. In its report to the Bank, Durkin noted that the CFO failed to provide payroll tax documents and that the Bank should follow-up accordingly; it did not, however, inform anyone at NCM of the omission. Instead, a Durkin representative allegedly told Del Duca that he was getting all the documents he requested. Plaintiffs assert a claim for "negligent transmission of accounting information" and negligence, on the grounds that the Durkin representative negligently misrepresented this information to Del Duca. In response, Defendant argues that it owed no independent duty to disclose information to Plaintiff.

**II. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure

---

² Plaintiff suggests that because it paid for Durkin's accounting services, Durkin knew that the accounting information would be shared with the Bank. Doc. 14 ¶ 14 (iv), Doc. 18 p. 7. Without establishing an independent legal duty, this argument is irrelevant. Furthermore, the Court notes that paying Durkin did not give rise to an independent duty to disclose information to Plaintiff.

12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## III. Analysis

Professional negligence claims require four elements: (1) existence of a legal duty, (2) breach of the duty, (3) proximate causation, and (4) actual loss. *Curd v. Mosaic Fertilizer*, 39 So. 3d 1216, 1227 (Fla. 2010) (citing *Clay Electric Cooperative, Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)). Generally, this duty of care only exists between parties who are in privity of contract with one another. *Mengle v. Goldsmith, et. al.*, No. 2:09–CV–46–FtM–29SPC, 2011 WL 1058852, at *5 (M.D. Fla. 2011) (discussing attorney malpractice through lens of professional negligence). The contractual relationship of the accountant and his client gives rise to tort liability for professional negligence. 1 Am. Jur. 2d *Accountants* § 15.

In limited circumstances, however, a professional can be liable to non-contractual third

parties for economic damages arising from professional negligence. *City of Tampa v. Thorton-Tomasetti, P.C.*, 646 So. 2d 279, 281-82 (Fla. DCA 1994). The Florida Supreme Court adopted Restatement (Second) of Torts § 552 to determine an accountant's liability for negligent misrepresentation. *First Florida Bank, N.A. v. Max Mitchell & Co.*, 558 So.2d 9, 15 (Fla. 1990). It provides in pertinent part:

> **§ 552. Information Negligently Supplied for the Guidance of Others**
> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*Id.* at 12.

As the Court see it, there are only two situations that could give rise to Plaintiff's professional negligence claim. First, if Durkin negligently misrepresented information to the Bank and NCM relied on those misrepresentations to its detriment. *See* Restatement of Torts (Second) § 552. Second, if Durkin owed an independent, professional duty to NCM and breached that duty when its field agent did not tell Plaintiff of the CFO's failure to provide tax documents. Under either analysis, Plaintiff fails to state a claim upon which relief may be granted.

Considering the first scenario, Plaintiff's claim fails because Durkin did not breach its duty

to the Bank, as it did not negligently misrepresent information. Both parties agree that Durkin provided accurate accounting records to the Bank and reported NCM's failure to produce its payroll tax documents. (Doc. 14, ¶ 15). Under § 552 any duty owed from Durkin to Plaintiff would be derivative of Durkin's duty to the Bank. Because Durkin was in full compliance with § 552 of the Restatement, third-party liability does not come into play. Moreover, the Restatement does not contemplate Plaintiff's argument that, because there could be third-party liability, there must be a separate professional duty owed by Durkin to Plaintiff.

Indeed, in the second scenario, Plaintiff's claim fails because there is no such professional duty between Durkin and Plaintiff. In a professional negligence claim, it is contractual privity that generally gives rise to the tort claim. *See* 1 Am. Jur. 2d *Accountants* § 15. Both parties agree that Durkin and NCM were not in privity and Plaintiff does not allege that Durkin owed it a professional duty aside from the derivative duties described in § 552. Consequently, this Court has no basis for finding that an independent, professional duty existed.

It is therefore, **ORDERED** that Defendant's Motion (Doc.15) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 25, 2012.

Copies furnished to:

                                                    GREGORY A. PRESNELL
                                            UNITED STATES DISTRICT JUDGE

Counsel of Record
Unrepresented Party