**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NCM OF COLLIER COUNTY, INC. and**
**MICHAEL DEL DUCA,**

        **Plaintiffs,**

-vs-                                            Case No. 2:11-cv-558-FTM-99DNF

**DURKIN GROUP, LLC,**

        **Defendant.**

_____

# ORDER

This cause comes before the Court on a Motion for Sanctions (Doc. 20) filed by Defendant Durkin Group, LLC, and a Response (Doc. 32) filed by Plaintiffs NCM of Collier County, Inc. and Michael Del Duca.[1]

**I. Rule 11 Standard**

Rule 11(b) states as follows:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] The factual background of this case was set out in the Court's prior Order (Doc. 36) and will not be repeated here.

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b). The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir.2001). "Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." *Lee v. Mid-State Land & Timber Co., Inc.*, 285 F. App'x. 601, 608 (11th Cir.2008) (citing Fed.R.Civ.P. 11(c)). "A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." *Id.* (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996)).

## II. Analysis

For purposes of the instant Motion, there are only four relevant facts alleged in the Amended Complaint, (1) Durkin was hired by Fifth Third Bank ("the Bank") to review the books and records of NCM in connection with the Bank's lending relationship with NCM; (2) during the investigation, NCM's CFO failed to provide Durkin with several relevant documents confirming payment of payroll taxes; (3) Durkin accurately reported this information to the

Bank; (4) in response to a question about whether Durkin was getting all the documents it needed, a Durkin representative told Del Duca (the President and sole owner of NCM) "yes."

As the Court noted in the Order dismissing Plaintiffs' claims, "there are only two situations that could give rise to Plaintiffs' professional negligence claim. First, if Durkin negligently misrepresented information to the Bank and NCM relied on those misrepresentations to its detriment. *See* Restatement of Torts (Second) § 552. Second, if Durkin owed an independent, professional duty to NCM and breached that duty when its field agent did not tell Plaintiff of the CFO's failure to provide tax documents." (Doc. 36 at 4). The allegations, however, support neither of these theories. Durkin owed no independent duty to NCM and Plaintiffs do not allege that Durkin misrepresented anything to the Bank.

Plaintiffs allege only that Durkin knew about the CFO's failure to provide documents and that it failed to inform NCM of that fact. In the absence of a duty to provide that information, however, Plaintiffs have no claim against Durkin.[2] A fair reading of Florida case law and §552 makes it clear that Plaintiffs' argument is objectively frivolous. *First Florida Bank, N.A. v. Max Mitchell & Co.*, 558 So. 2d 9, 15 (Fla. 1990); Restatement of Torts (Second) § 552; *see also* 20 Am. Jur. Proof of Facts 3d 289 § 8 (2012) ("[C]ourts have recognized for years that a cause of action for civil liability will exist, against a public accountant or accounting firm, in favor of parties, other than the accountant's immediate client, who claim to have been

---

[2] Had Durkin made misrepresentations in its report to the Bank, there might be some legal basis for liability under §552, but that is not the case here–Plaintiffs do not allege that Durkin provided inaccurate information to the Bank.

damaged as a result of reliance *on accounts, financial statements, or audits prepared by the accountant for the client.*" (emphasis added)).

Having found that Plaintiffs' argument is objectively frivolous, the next inquiry is "whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc.*, 87 F.3d at 1254. The reasonableness of the inquiry "may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the violative document; ... or whether he depended on forwarding counsel or another member of the bar." *Id*. (citations omitted).

This case was originally filed in state court on September 30, 2011. Plaintiffs claim that they were not aware of the contents of Durkin's report to the Bank until after the initial Complaint was filed. Plaintiffs admit, however, that they were aware of the propriety of Durkin's report to the Bank by the time they filed the Amended Complaint on November 8, 2011. Armed with this knowledge, Plaintiffs revised their theory of liability in the Amended Complaint based on § 552 of the Second Restatement and Durkin's alleged misrepresentation to Del Duca. Defendant filed a Motion to Dismiss on November 15, 2011 which clearly pointed out the deficiencies in this argument, but Plaintiffs did not amend their complaint, or rethink the legal sufficiency of their claims.

This is not a case where the legal analysis is especially complex, or where the law is unsettled. *See* 20 Am. Jur. Proof of Facts 3d 289 § 8 (2012) ("[C]ourts have recognized for years that a cause of action for civil liability will exist, against a public accountant or accounting firm, in favor of parties, other than the accountant's immediate client, who claim to have been

damaged as a result of reliance *on accounts, financial statements, or audits prepared by the accountant for the client.*" (emphasis added)). Plaintiffs cite no case, and the Court cannot find one, where liability was imposed on an accountant for a casual statement made to a third party. Controlling cases, cited by Plaintiffs, all involve negligence in connection with the accountant's report to the client. *Florida Bank, N.A.*, 558 So. 2d 9 (Accountant negligently prepared a financial statement for a corporation in connection with a bank loan. The court held that the accountant was liable to the bank even though there was no privity because he "actually negotiated the loan on behalf of his client. He personally delivered the financial statements to the bank with the knowledge that it would rely upon them in considering whether or not to make the loan." *Id.* at 16.); *NationsBank, N.A. v. KPMG Peat Marwick LLP*, 813 So. 2d 964 (Fla. 4th DCA 2002) (A borrower was required to submit an annual financial report to a bank in connection with a secured loan. An accountant hired by the borrower was liable to the bank for negligent errors within the report that were relied upon by the bank in extending the loan); *Durham v. Palm Court, Inc.*, 558 So. 2d 59 (Fla. 4th DCA 1990) (accountant liable to purchasers of condominium units for negligent misstatements in "market demand reports" prepared for the property owner).

This cannot be read as a good faith argument to extend existing law. In their response to the motion for sanctions, Plaintiffs' sole argument is that their legal position is justified based on §552 because NCM was in the class of persons whom Durkin "knows and intends will rely on his opinion, or whom his client intends will so rely." (Doc. 32 at 4). This is a misstatement of controlling law, not an argument to extend it.

It is therefore,

**ORDERED** that Defendant's Motion for Sanctions (Doc. 20) is **GRANTED**. As an appropriate sanction, the Court will consider an award of attorney's fees against Plaintiffs' counsel.³ *See Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987); *Sussman v. Salem, Saxon and Nielsen, P.A.*, 150 F.R.D. 209, 214-15 (M.D. Fla. 1993). In furtherance thereof, Defendant may submit an application for reasonable fees incurred in defending this case, with supporting documentation by July 25, 2012. Plaintiffs may file a response by August 10, 2012. If Plaintiffs wish to have an evidentiary hearing on the amount of sanctions, they should so request in their responsive papers.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 9, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

³ Pursuant to Rule 11(c) the sanction will be imposed against Plaintiffs' counsel and his firm. No showing has been made that would justify imposing sanctions on NCM or Del Duca.